## BEANE v. GULF REFINING CO.

### No. 10391.

Court of Civil Appeals of Texas. Galveston.
April 8, 1937.

Rehearing Denied April 29, 1937.

Dick Young, C. F. Stevens, and B. C. Johnson, all of Houston, for appellant.

King, Wood & Morrow and Newton Gresham, all of Houston, for appellee.

GRAVES, Justice.

This statement, with which the appellee finds no fault, is adopted from appellant's brief:

"Appellant, a negro man, brought suit to recover of Gulf Refining Company damages he alleged he sustained on December 17, 1932, about 8:30 o'clock at night, by walking off into and falling into a hole, or pit, dug by defendant and left open and unguarded in and near a pathway under the shed of a filling-station in the negro section of the town of Conroe; he alleged that such pathway was usually and customarily used by pedestrians, both day and night, and that defendant knew, or by the exercise of ordinary care would have known, of such use by pedestrians; that on December 17, 1932, a dark and rainy night at about 8:30 o'clock, he was traveling such pathway going to the store, and walked off into such hole, or pit, falling and striking upon the metal-tank therein, suffering injuries; that in his attempts to climb out of such a hole he slipped and fell upon such metal-tank a second time, and received other injuries; that he had no knowledge of, or warning that such hole, or pit, had been dug across such pathway. He alleged negligence of defendant: In failing to place around such hole and metal-tank therein a sufficient guard in the form of trestles, or other false work, in failing to place danger signals or lights around such hole, or pit, and in failing to maintain a suitable and sufficient guard or watchman, to warn plaintiff and others who might be using such path of the hole and danger, and prevent injuring them.

"The evidence is undisputed that Alfred Collins owned and operated a store upon the southwest corner of the block, such store facing west; approximately 30 feet east of the back end of the store was the filling-station, facing south, about 16 feet wide, the pumps setting approximately upon the property line, and a shed extending from over such pumps to the wall of the station, which was about nine feet distant from the pumps; the gasoline-tank in question was buried between the pumps and the wall of the station; the street was about 60 feet wide, with a depression in the northern portion thereof, across which cars drove up to the outside of the pumps, and also drove under the shed between the pumps and the wall, for service; the space under the shed would accommodate two cars; from the back door of the store, which opened south on the street, to the filling-station was a pathway; from the southeast corner of the filling-station property was a pathway running in a northeasterly direction across the vacant portion of the block to the next street, on the north side of which was situated a restaurant, barber shops, a hotel, and other business establishments; Collins, in addition to operating his store, had also been operating the filling-station under a written contract with defendant, which was cancelled by letter of date December 19, 1932; about a week prior to the injury he closed such station, and at the time of the injury it was still closed with no lights around it; there were no windows or openings in either the east or north side of the store; the defendant, on December 16, 1932, dug the hole

in question for the purpose of removing the underground gasoline-tank, finishing such excavation late in the afternoon of that day—too late to remove the tank therefrom that day, and same was not removed until the following Monday.

"Trial was before a jury upon special issues, the jury finding: 1. Plaintiff sustained injuries, as alleged; 2. Defendant knew of the use of such trail day and night by the public generally; 3. Defendant, by the exercise of ordinary care, could have known of such use of the trail by the public generally; 4. The failure to place lights at the hole was negligence; 5. Such negligence was a proximate cause of plaintiff's injuries; 6. Plaintiff did not fail to exercise ordinary care upon the occasion in question; * * * 11. Plaintiff's damages was $1,500.00.

"Plaintiff filed his motion for judgment upon the answers of the jury, and defendant filed its motion for judgment non obstante veredicto; thereafter, on June 20, 1935, the Court, upon hearing such motions, declined to enter judgment for plaintiff, and entered judgment for defendant, non obstante veredicto, holding that defendant owed plaintiff no duty."

In this court appellant submits in substance these propositions:

"(1) The court erred in rendering judgment for defendant non obstante veredicto, and in not rendering judgment for plaintiff upon his motion therefor upon the answers of the jury to the special issues submitted to them, such answers being amply supported by the evidence and establishing the facts entitling plaintiff to judgment.

"(2) Regardless of the right of control of the filling-station at the time of injury, the defendant, with full knowledge of the use both day and night of the foot-path by pedestrians, having dug and left open a pit, or hole, in and near such path, was under the duty of exercising ordinary care to safeguard such pedestrians from the new peril it had created;

"(3) Plaintiff at the time and place of injury, on December 17, 1932, being upon premises in charge of Alfred Collins as a tenant, on business with Alfred Collins, was neither a licensee nor a trespasser as to defendant; and defendant owed to plaintiff the duty of exercising ordinary care to safeguard him from the peril it had created on such premises while he was there."

Without questioning the sufficiency of the evidence to support any of the quoted findings of the jury, the appellee supports the trial court's action with this counterproposition:

"Since the undisputed evidence in this case shows that appellant was upon appellee's premises solely for his own convenience and was therefor no more than a licensee, appellee owed him no duty other than to refrain from willfully injuring him, and he cannot recover from appellee for injuries sustained from falling in a hole dug by appellee on its own premises for a legitimate purpose necessary to the use and enjoyment of such premises; and the trial court did not err in entering judgment for appellee, upon proper motion, notice and hearing, notwithstanding the verdict of the jury; since, further a directed verdict in its favor would have been proper at the conclusion of all the evidence."

This court sustains appellant's attack, reverses the action so taken below, and renders the cause in his favor upon the verdict of the jury, upon these main considerations:

The answers of the jury—which neither were contested here, nor could successfully have been in view of the fully supporting evidence appearing in the statement of facts—whatever may be said of the particular status under their contract between the appellee and Collins, the operator of the filling station and the store, clearly brought this cause within the rule applied by our Supreme Court in the very late case of Kallum v. Wheeler, 101 S.W.(2d) 225, 227, rather than under that applied in such cases as Kruse v. Houston & T. C. R. Co. (Tex.Civ.App.) 253 S.W. 623, upon which the appellee's quoted proposition was apparently based; in other words, those findings, that must be regarded as the established facts, made of this appellant, as a member of the public, one using the trail or footpath on the premises, so in complete possession and control of the appellee at the time, under an implied invitation from it, and not as a mere licensee or trespasser, as the appellee urges.

Since this conclusion, under the facts so finally found, disposes of the merits of the appeal, further discussion is deemed unnecessary; our Supreme Court in the

cited Kallum Case, which has been published since the filing of the briefs herein, on facts not in legal purport different from those here obtaining, in effect differentiates this cause from the Kruse Case supra, in this statement:

"In Kruse v. Houston & T. C. R. Co. (Tex.Civ.App.) 253 S.W. 623, the platform on which the injury occurred was not a necessary passageway to a destination of a member of the public's having been induced to go upon it. Nor are we prepared to say that even under the facts as stated the trial court did not err in refusing to submit the case to the jury."

Since, as stated, the Kallum cause has just been determined upon what clearly appears to have been the legal equivalent in all substantial respects of the same state of facts as exists here, and since the Supreme Court there fully discusses and rules upon the principal authorities appealed to by the opposing sides in this instance, it would obviously be a work of supererogation for this court to essay the same undertaking; wherefore, that will not be done, but this decision will be rested upon those conclusions, upon the view that they fully cover in legal principle the facts here.

The judgment will be reversed, and the cause rendered in appellant's favor.

Reversed and rendered.